REPUBLIC CHEMICAL CORPORATION, Plaintiff, *v.* UNITED STERLING CORPORATION, Defendant.

Supreme Court, Special Term, New York County, January 15, 1953.

*Louis C. Fieland* for defendant.

*Alfred S. Julien* for plaintiff.

MATTHEW M. LEVY, J. This is a motion by defendant for summary judgment to dismiss the two causes of action contained in an amended complaint.

The original complaint (which was dismissed with leave to replead) alleged a written contract. The decision by my learned colleague dismissing that complaint would not necessarily be controlling here. The determination was predicated upon the insufficiency of the pleading, which relied on the order as the written contract between the parties but failed to allege either an acceptance in the manner set forth in the order or a waiver of the provision of the order in respect of the manner in which it was to be accepted. The present complaint, however, contains allegations in the first cause of action, which, if true, may establish an acceptance of plaintiff's order by agreement of the parties. There is now alleged an agreement which is evidenced by an order or memorandum of sale, heretofore designated as the written contract. It is further alleged that the defendant accepted the order and a check for $1,000 as deposit. The plaintiff also alleges that it made demand upon defendant to comply with the contract, which demand was refused. The affidavits in opposition to the defendant's motion for summary judgment present facts to support the complaint. Whether the terms of the contract were agreed upon and the writing merely evidence of such contract, or, on the other hand, whether the writing was in fact the making of an offer which was not accepted, presents an issue which must await trial. And whether or not there was acceptance — under the terms of the offer or pursuant to relin-

quishment of the manner of acceptance — is a factual issue that must be disposed of at trial.

The affidavits submitted by plaintiff state that defendant's representative, Newman, accepted plaintiff's order verbally and asked for the deposit, which plaintiff thereupon forwarded to defendant. It may be that, if this version of the facts is established, the plaintiff waived, as it might do, the provision of its order which (it is claimed) required acceptance by execution and return of a duplicate of the order. Had the point been presented by defendant, I should have held that the difficulty with the plaintiff's position on the present motion is that the proof submitted by it as to this issue is hearsay. The alleged oral acceptance by defendant and the claim that the deposit was forwarded at the request of defendant for the purpose of creating a binding contract are not substantiated by one having personal knowledge of the facts. No affidavit by Strongin is submitted, although he is the person who is claimed to have represented plaintiff in the transaction relied upon. Affidavits in opposition to motions of this character should normally consist of factual statements by persons possessing personal knowledge as to the truth of the statements, not merely allegations, as is permissible in pleading. But the defendant does not raise, much less urge, the question. If an opponent's objection to hearsay evidence may be waived on the trial, so also may it be waived on a motion for summary judgment. I think I should add that, if the defendant had presented an issue as to admissibility, I should probably (because the documentary facts justify it) have given the plaintiff an opportunity to secure Strongin's affidavit — since he is no longer in plaintiff's employ — and held in abeyance disposition of the motion for a short period so that plaintiff may obtain, serve and submit such affidavit. That procedure does not now seem indicated and the motion for summary judgment dismissing the first cause of action is denied.

As to the second cause of action for the $1,000, which sum was deposited into court and liability for which is admitted by defendant, summary judgment must also be denied. This money was deposited pursuant to section 174-a of the Civil Practice Act. In the moving papers, the defendant seeks judgment because of the tender and asks for costs to the defendant. However, section 174-b of the Civil Practice Act provides in part that " If it be determined upon the trial that the tender was made as alleged *and was sufficient to have satisfied the obligation due under the contract,* the plaintiff shall not recover interest from the date of tender, nor costs of the action, but shall pay costs to the

defendant '' (italics mine). The tender by defendant of the $1,000 to plaintiff prior to the commencement of the action was conditioned upon plaintiff's acquiescence in defendant's attempt to cancel the contract claimed by plaintiff to have been entered into between the parties. In view of my determination as to the summary efficacy of the first cause of action, I cannot of course say that the return of the deposit would (without agreement on plaintiff's part) completely discharge the defendant's obligation under the contract. It is accordingly unnecessary to determine now whether, if defendant's tender prior to suit had been unconditional, it would be entitled, because of its payment of the sum into court, to obtain a dismissal of the second cause of action under section 174-b.